Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0707 | **DATE** | 2/1/2013 |
| **CASE TITLE** | Jeffery Campbell (R-25696) vs. Westerhausen, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The court assesses an initial partial filing fee of $11.30. The court authorizes and directs the trust fund officer at Plaintiff's place of confinement to deduct the initial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). All other pending motions are denied.

■[For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

# STATEMENT

Plaintiff, Jeffery Campbell, a prisoner at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.30. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on July 20, 2011, he attended recreation in Stateville's gym. Plaintiff alleges that prison staff failed to provide him a safe environment because they failed to adequately ventilate the gym during a heat warning and failed to provide Plaintiff with ice, water, and a fan while attending recreation time. Due to the heat, Plaintiff lost consciousness and fell. The medical records attached to Plaintiff's complaint indicate that Plaintiff was playing dominos and when he stood up he felt very weak and dizzy. Plaintiff immediately received medical care.

Plaintiff's allegations do not rise to a constitutional violation. The Eighth Amendment requires a minimum standard for the treatment of inmates by prison officials, including prison conditions cannot involve "the wanton and unnecessary infliction of pain." *Rhodes v., Chapman*, 452 U.S. 337, 347 (1981). A two-prong analysis is utilized in determining whether the conditions of confinement reach unconstitutional proportions. *See Wilson v. Seiter*, 501 U.S. 294, 299-302 (1991). The analysis consists of both an objective and subjective component. *Id.* The objective component requires the court to determine whether the alleged deprivation – the condition itself – was sufficiently serious to rise to the level of a constitutional violation. *Id.* The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution. *Rhodes*, 452 U.S. at 347; *see also, Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

The subjective component requires the court to determine whether the defendant acted with the requisite

| STATEMENT |
|---|

culpable state of mind.  *See Wilson*, 501 U.S. at 302.  The subjective component is satisfied if a prison official acts with deliberate indifference, *i.e.*, the official knows of and disregards an excessive risk of inmate health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Negligence and even gross negligence is insufficient to demonstrate deliberate indifference; instead, the defendant must have intended for the plaintiff to die or suffer grievously or knew of a significant risk that the plaintiff would suffer grievously but was indifferent to that risk.  *See Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999); *Salazar v. City of Chicago*, 940 F.2d 233, 240 (7th Cir. 1991).  If either the objective or subjective component is not satisfied, a plaintiff cannot prevail on his conditions of confinement claim.  *See Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994).

Here, the alleged one day lack of proper ventilation and ice and water during a heat warning fails to raise to a deprivation of the minimal civilized measures of life's necessities.  Furthermore, the alleged one-day lack of proper ventilation and lack of ice and water during a heat warning constitute, at best, negligence by prison staff.  In addition, Plaintiff immediately received medical care for his heat condition.

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted.  Furthermore, any amended complaint as to the alleged constitutional violations would be futile based on the law discussed above.

Accordingly, the complaint is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A.  The dismissal of the complaint counts as a strike against Plaintiff under 28 U.S.C. § 1915(g).  Plaintiff is advised that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(c).  If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal.  *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."